UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD CALVIN,<br><br>        Plaintiff,<br><br>    v.<br><br>JERI BOE et al.,<br><br>        Defendant. | CASE NO. 3:22-cv-05217-RSM-BAT<br><br>**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND** |

Plaintiff Donald Calvin, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by **June 13, 2022**, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff is currently housed at Monroe Correctional Complex-Twin Rivers Unit (MCC-TRU), but his complaint relates to alleged violations of his constitutional rights while he was housed at Clallam Bay Corrections Center (CBCC). Dkt. 4-1. Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights related to the failure to protect him from assault by another inmate, his infraction and placement in disciplinary isolation after the assault despite

evidence that he was not the aggressor, the conditions of his confinement in disciplinary isolation and the failure to "prevent injury, sickness and pain" while in isolation, and the failure to remove him from isolation despite being found not guilty of the infraction. *Id.* Plaintiff names the following Defendants: Jeri Boe (Superintendent, CBCC), Evans (Lieutenant, CBCC), and John Does 1-5 (employees at CBCC). *Id.* Plaintiff indicates he intends to sue Defendant Boe in her individual and official capacity and all other Defendants in their individual capacities. *Id.*

Plaintiff's complaint alleges that in or around January 25, 2019, Defendant Evans called Plaintiff into her office along with John Does 1 and 2 and warned Plaintiff that she had received information that other prisoners were planning an attack on Plaintiff. *Id.* She indicated corrections officers had seen two men passing an object between them while Plaintiff was walking near them en route to the mess hall and that such behavior was often a precursor to a planned attack and that such attacks often occurred near the mess hall. *Id.* Defendant Evans refused Plaintiff's requests to be moved to a different living unit, to be placed in a special meal line where he would be separate from inmates receiving mainline meals, or to be provided the names of the individuals believed to be planning the attack. *Id.* Plaintiff indicates in or around January 29, 2019, he was again called to a private office where John Does 3 and 4 warned Plaintiff again of a possible attack. *Id.* Plaintiff indicates John Does 3 and 4 denied his requests to be moved, for protection, and for the identities of the individuals believed to be planning the attack. *Id.*

Plaintiff indicates on February 3, 2019, he was attacked from behind while sitting at lunch in the mess hall. *Id.* He indicates he was 63 years old and disabled, requiring a walker or cane and prosthetic for ambulation. *Id.* Plaintiff indicates he suffered broken teeth, temporary blindness, and contusions as a result of the attack. *Id.* Plaintiff alleges the failure of Defendants

Evans and John Does 1-4 to take action to protect him from this attack violated his rights under the Eighth Amendment. *Id.*

Plaintiff indicates that immediately following the attack, John Doe 5 seized him and placed him in "punitive isolation" and issued an infraction against him for fighting. *Id.* Plaintiff states that John Doe 5 ignored video evidence and the fact that the attack was witnessed by several corrections officers who were aware Plaintiff was the victim of the attack and had done nothing more than attempt to shield his face from being hit. *Id.* Plaintiff states that several weeks later he was taken to a hearing on the infraction where the hearing officer found: (1) plaintiff was innocent of fighting; (2) plaintiff's assailant committed the assault; (3) John Doe 5 improperly infracted Plaintiff and should have charged Plaintiff's assailant with the assault. *Id.* Plaintiff states that despite this finding CBCC officials refused to release him from disciplinary isolation where he was ultimately housed for two months. *Id.* Plaintiff alleges the actions of John Doe 5 in infracting him and placing him in disciplinary isolation violated his Fourteenth Amendment right to due process. *Id.*

Plaintiff alleges the conditions in disciplinary isolation constituted an atypical and significant hardship. *Id.* He alleges his cell was extremely cold as it was unheated during the winter and he was only given a thin blanket. *Id.* He alleges his clothes and coat were taken and he was given a shirt and pants which were not adequate to protect him from the cold. *Id.* He indicates he suffers from a compromised immune system and "low blood temperature" and that due to the lack of heat he contracted a viral illness, became very sick and weak and suffered excruciating ear infections causing vertigo and deafness. *Id.* He alleges he was denied analgesics or a hot water bottle. *Id.* He indicates corrections officers reduced his meal portions, sometimes withholding meals and that he lost a great deal of weight. *Id.* He alleges the attack and the

conditions of his confinement in disciplinary isolation exacerbated a prior brain injury and that he is now never fully lucid and is unable to focus. *Id.* Plaintiff states he was regularly stripped of his clothing and forced to shower in view of female staff, that when he was forced to bend forward and then walk backward in order to be handcuffed, and that any time he was called to speak to a DOC official or employee he was shackled and then placed in a full restraint chair. *Id.* Plaintiff alleges Defendant Superintendent Boe's failure to "prevent injury, sickness, and pain" inflicted during his time in disciplinary isolation constituted deliberate indifference to his serious medical needs in violation of the Eight Amendment. *Id.*

Plaintiff requests declaratory relief in addition to compensatory and punitive damages. *Id.*

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A.   *Statute of Limitations*

The allegations in Plaintiff's complaint begin in January 2019. Dkt. 4. A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose,* the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington

ORDER DECLINING SERVICE AND
GRANTING LEAVE TO AMEND - 4


Case 3:22-cv-05217-RSM-BAT   Document 6   Filed 05/12/22   Page 5 of 10

4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, No. C04-123, 2006 WL 2167105, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff signed his complaint on March 25, 2022. Dkt. 1. Therefore, any claim arising prior to March 25, 2019 is barred by the statute of limitations unless statutory or equitable tolling applies. In the complaint, Plaintiff provides background and allegations arising prior to March 25, 2019. *See* Dkt. 4. Specifically, the assault Plaintiff alleges Defendant Evans and John Does 1-4 failed to protect him from occurred on February 3, 2019. Furthermore, John Doe 5 allegedly improperly infracted Plaintiff and placed him in disciplinary isolation immediately following the attack on February 3, 2019. From the allegations contained in the complaint, Plaintiff had actual

notice of the underlying facts related to these claims on or before February 3, 2019. *See* Dkt. 4; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Any allegations related to events that occurred before March 25, 2019 are untimely. Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 4.

Thus, it appears Plaintiff's claims against Defendant Evans and John Does 1-4 based on the failure to protect Plaintiff from assault and Plaintiff's claims against John Doe 5 that he improperly infracted Plaintiff and placed him in disciplinary isolation immediately following the attack, are barred by the statute of limitations. If Plaintiff is seeking relief regarding these claims or events that occurred prior to March 25, 2019, he must show cause in his amended complaint why those claims should not be dismissed as untimely.

B.     *Defendants Who Cannot Be Served*

The Court also notes that Plaintiff names several "John Does" as Defendants. Dkt. 4. The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process until they are identified by their real names. Plaintiff must provide the names of the Defendants identified as John Doe for this action to proceed against them.

Plaintiff is directed to provide the complete names of the John Doe Defendants in his amended complaint. If Plaintiff fails to provide this information, the Court will be unable to direct service and may recommend dismissal of these Defendants from this action without prejudice.

C. *Supervisory Liability and Municipal Liability*

Plaintiff indicates he seeks to bring claims against Defendant Superintendent Jeri Boe in her individual and official capacity.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, supervisory liability may exist "even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional

rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 282 F.2d 298, 304 (5th Cir. 1987).

Here, Plaintiff alleges Defendant Superintendent Boe was deliberately indifferent to his serious medical needs in failing to "prevent injury, sickness, and pain" inflicted during his time in disciplinary isolation. But Plaintiff fails to allege sufficient facts to show Defendant Boe personally participated in causing the harm alleged. Rather, it appears Plaintiff alleges Defendant Boe is liable because of her supervisory position, which on its own is insufficient to establish liability under § 1983. If Plaintiff intends to proceed with his claim against Superintendent Boe in her individual capacity, he must allege additional facts to show she personally participated in causing the harm alleged as set forth under the above standard.

To the extent Plaintiff intends to sue Defendant Boe in her official capacity, he also fails to state a claim. State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991). State officials sued in their official capacity for injunctive relief, however, are persons for purposes of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989). Official-capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer*, 502 U.S. at 25. In an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *Id.*; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Generally, to state a claim against a government entity, a plaintiff must allege facts showing the entity's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, plaintiff's civil rights, or showing the entity

ORDER DECLINING SERVICE AND
GRANTING LEAVE TO AMEND - 8

ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To establish liability against a government entity under § 1983, Plaintiff must show: (1) a deprivation of a constitutional right; (2) the entity has a policy; (3) the policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton*, 489 U.S. at 385-90.

Here, Plaintiff's complaint does not appear to seek injunctive relief and he cannot sue Defendant Boe in her official capacity for damages. Furthermore, Plaintiff fails to allege sufficient facts to state a claim against Defendant Boe in her official capacity under the above standard.

### III.   Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff must also show cause in his amended complaint why certain claims discussed above should not be dismissed as untimely. Plaintiff is further directed to provide the complete names of the John Doe Defendants in his amended complaint.

ORDER DECLINING SERVICE AND
GRANTING LEAVE TO AMEND - 9

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. Attachments will not be considered as a substitute for the amended complaint itself. Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint.

The Court will not authorize service of the amended complaint on any Defendant who is not sufficiently identified or specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **June 13, 2022**, the undersigned will recommend dismissal of this case.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service and send copies of this Order and Pro Se Instruction Sheet to Plaintiff. The Clerk is directed to provide a copy of this order to the Hon. Ricardo S. Martinez.

DATED this 12th day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DECLINING SERVICE AND
GRANTING LEAVE TO AMEND - 10