UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD CALVIN,<br><br>          Plaintiff,<br><br>     v.<br><br>JERI BOE, et al.,<br><br>          Defendant. | CASE NO. 3:22-cv-05217-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

On April 1, 2022, Plaintiff Donald Calvin, filed a *pro se* and *in forma pauperis* civil rights complaint under 42 U.S.C. § 1983. The Court reviewed the complaint under 28 U.S.C. § 1915A, and it deficient in that it alleged acts that occurred outside the statute of limitations. Because Plaintiff proceeds *pro se*, rather than dismissing the complaint immediately, the Court granted Plaintiff leave to file an amended complaint by **June 13, 2022**. The Court advised Plaintiff that the failure to file an amended complaint or the filing of an amended complaint that was still deficient would result in a recommendation the case be dismissed.

On June 9, 2022, Plaintiff filed three motions: (1) Motion to Transfer and Place Case with Court with Competent Jurisdiction; (2) Motion to conduct Limited Discovery; and (3) Motion for Enlargement of Time Allotted for Production of Amended Complaint and Names of John Doe Defendants. Dkts. 7-9.

REPORT AND RECOMMENDATION - 1

The Court having reviewed the three motions and the record recommends the motions be denied and the case be DISMISSED with prejudice.

**BACKGROUND**

Plaintiff, currently detained at Monroe Correctional Complex-Twin Rivers Unit (MCC-TRU), filed a complaint regarding alleged violations of his constitutional rights when he was detained at Clallam Bay Corrections Center (CBCC). Dkt. 4-1. Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights by failing to protect him from assault by another inmate, by infracting him and placing him in disciplinary isolation after the assault despite evidence that he was not the aggressor. He also alleges his rights were violated by the conditions of his confinement in disciplinary isolation, the failure to "prevent injury, sickness and pain" while in isolation, and the failure to remove him from isolation despite being found not guilty of the infraction. *Id.* Plaintiff names the following Defendants: Jeri Boe (Superintendent, CBCC), Evans (Lieutenant, CBCC), and John Does 1-5 (employees at CBCC). *Id.* Plaintiff indicates he intends to sue Defendant Boe in her individual and official capacity and all other Defendants in their individual capacities. *Id.*

Plaintiff's complaint alleges about January 25, 2019, Defendant Evans called Plaintiff into her office along with John Does 1 and 2 and warned Plaintiff she had received information other prisoners were planning to attack Plaintiff. *Id.* She indicated corrections officers had seen two men passing an object between them while Plaintiff was walking near them en route to the mess hall and such behavior was often a precursor to a planned attack and that such attacks often occurred near the mess hall. *Id.* Defendant Evans refused Plaintiff's requests to be moved to a different living unit, to be placed in a special meal line where he would be separate from inmates receiving mainline meals, or to be provided the names of the individuals believed to be planning

the attack. *Id.* Plaintiff indicates in or around January 29, 2019, he was again called to a private office where John Does 3 and 4 warned Plaintiff again of a possible attack. *Id.* Plaintiff indicates John Does 3 and 4 denied his requests to be moved, for protection, and for the identities of the individuals believed to be planning the attack. *Id.*

Plaintiff indicates on February 3, 2019, he was attacked from behind while sitting at lunch in the mess hall. *Id.* He indicates he was 63 years old and disabled, requiring a walker or cane and prosthetic for ambulation. *Id.* Plaintiff indicates the attack caused broken teeth, temporary blindness, and contusions. *Id.* Plaintiff alleges the failure of Defendants Evans and John Does 1-4 to take action to protect him from this attack violated his rights under the Eighth Amendment. *Id.*

Plaintiff indicates immediately following the attack, John Doe 5 seized him and placed him in "punitive isolation" and issued an infraction against him for fighting. *Id.* Plaintiff states John Doe 5 ignored video evidence and the fact that the attack was witnessed by several corrections officers who were aware Plaintiff was the victim of the attack and had done nothing more than attempt to shield his face from being hit. *Id.* Plaintiff states that several weeks later he was taken to a hearing on the infraction where the hearing officer found: (1) plaintiff was innocent of fighting; (2) plaintiff's assailant committed the assault; (3) John Doe 5 improperly infracted Plaintiff and should have charged Plaintiff's assailant with the assault. *Id.* Plaintiff states that despite this finding CBCC officials refused to release him from disciplinary isolation where he was ultimately housed for two months. *Id.* Plaintiff alleges the actions of John Doe 5 in infracting him and placing him in disciplinary isolation violated his Fourteenth Amendment right to due process. *Id.*

Plaintiff alleges the conditions in disciplinary isolation constituted an atypical and

REPORT AND RECOMMENDATION - 3

significant hardship. *Id.* He alleges his cell was extremely cold as it was unheated during the winter and he was only given a thin blanket. *Id.* He alleges his clothes and coat were taken and he was given a shirt and pants which were not adequate to protect him from the cold. *Id.* He indicates he suffers from a compromised immune system and "low blood temperature" and that due to the lack of heat he contracted a viral illness, became very sick and weak and suffered excruciating ear infections causing vertigo and deafness. *Id.* He alleges he was denied analgesics or a hot water bottle. *Id.* He indicates corrections officers reduced his meal portions, sometimes withholding meals and that he lost a great deal of weight. *Id.* He alleges the attack and the conditions of his confinement in disciplinary isolation exacerbated a prior brain injury and that he is now never fully lucid and is unable to focus. *Id.* Plaintiff states he was regularly stripped of his clothing and forced to shower in view of female staff, that when he was forced to bend forward and then walk backward in order to be handcuffed, and that any time he was called to speak to a DOC official or employee he was shackled and then placed in a full restraint chair. *Id.* Plaintiff alleges Defendant Superintendent Boe's failure to "prevent injury, sickness, and pain" inflicted during his time in disciplinary isolation constituted deliberate indifference to his serious medical needs in violation of the Eight Amendment. *Id.*

Plaintiff requests declaratory relief in addition to compensatory and punitive damages. *Id.*

## DISCUSSION

### A.   *Statute of Limitations*

Plaintiff's alleges Defendants violated his rights in January and February 2019. Dkt. 4. Because the Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations, "the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit

1  determined the three-year limitations period identified in Revised Code of Washington
2  4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at
3  547; *see* R.C.W. § 4.16.080(2).

4      The Court also applies the forum state's law regarding equitable tolling for actions
5  arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts
6  permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998).
7  "The predicates for equitable tolling are bad faith, deception, or false assurances by the
8  defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable
9  tolling to occur only sparingly and should not extend it to a garden variety claim of excusable
10 neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).
11 Washington State also allows for a tolling period when a person is imprisoned on a criminal
12 charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, No. C04-
13 123, 2006 WL 2167105, *2 (E.D. Wash. July 31, 2006).

14     Although the statute of limitations is an affirmative defense which normally may not be
15 raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma*
16 *pauperis* complaint where the defense is complete and obvious from the face of the pleadings or
17 the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

18     Plaintiff signed his complaint on March 25, 2022. Dkt. 1. Therefore, any claim arising
19 prior to March 25, 2019 is barred by the statute of limitations unless statutory or equitable tolling
20 applies. Plaintiff's complaint alleges Defendants violated his rights before March 25, 2019. *See*
21 Dkt. 4. Specifically, the assault Plaintiff alleges Defendant Evans and John Does 1-4 failed to
22 protect him from occurred on February 3, 2019. Furthermore, John Doe 5 allegedly improperly
23 infracted Plaintiff and placed him in disciplinary isolation immediately following the attack on

REPORT AND RECOMMENDATION - 5

February 3, 2019. The complaint's allegations make clear that Plaintiff obviously had actual notice of the underlying facts related to these claims on or before February 3, 2019. *See* Dkt. 4; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Any allegations related to events that occurred before March 25, 2019 are untimely. Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 4.

Thus, it appears Plaintiff's claims against Defendant Evans and John Does 1-4 based on the failure to protect Plaintiff from assault and Plaintiff's claims against John Doe 5 that he improperly infracted Plaintiff and placed him in disciplinary isolation immediately following the attack, are barred by the statute of limitations.

### B.   *Supervisory Liability and Municipal Liability*

The complaint also brings claims against Defendant Superintendent Jeri Boe in her individual and official capacity. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, supervisory liability may exist "even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 282 F.2d 298, 304 (5th Cir. 1987).

Here, Plaintiff alleges Defendant Superintendent Boe was deliberately indifferent to his serious medical needs in failing to "prevent injury, sickness, and pain" inflicted during his time in disciplinary isolation. But Plaintiff fails to allege sufficient facts to show Defendant Boe personally participated in causing the harm alleged. Rather, the complaint alleges Defendant Boe is liable because of her supervisory position, which on its own is insufficient to establish liability under § 1983.

To the extent Plaintiff intends to sue Defendant Boe in her official capacity, he also fails to state a claim. State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991). State officials sued in their official capacity for injunctive relief, however, are persons for purposes of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989). Official-capacity suits filed against state officials are merely an

REPORT AND RECOMMENDATION - 7

alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer*, 502 U.S. at 25. In an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *Id.*; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Generally, to state a claim against a government entity, a plaintiff must allege facts showing the entity's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, plaintiff's civil rights, or showing the entity ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To establish liability against a government entity under § 1983, Plaintiff must show: (1) a deprivation of a constitutional right; (2) the entity has a policy; (3) the policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton*, 489 U.S. at 385-90.

Here, Plaintiff's complaint does not appear to seek injunctive relief and he cannot sue Defendant Boe in her official capacity for damages. Furthermore, Plaintiff fails to allege sufficient facts to state a claim against Defendant Boe in her official capacity under the above standard.

C.   ***Motions to Transfer, for Discovery, and for an Extension***

Rather than filing an amended complaint, Plaintiff filed three motions. First Plaintiff moves to transfer this case from the Seattle Division to the Tacoma Division, arguing the latter division "appear to be the sole court possessing competent jurisdiction to hear this case." Dkt. 7. The Seattle and Tacoma Divisions are part of the same federal district., and both Divisions may

preside over any case filed within the District. The claim the Seattle Division lacks "jurisdiction" is meritless and should be DENIED.

Plaintiff next moves to discover the names of the "JOHN DOE" Defendants named in the complaint and for production of records related to his claims for the time period between January 15 and February 3, 2019. Dkt. 8. There is no basis to order discovery because the allegations contained in the complaint are barred by the statute of limitations.

And lastly, Plaintiff moves for an extension of time to file an amended complaint contending an extension should be granted because he needs more time to obtain the names of the JOHN DOE Defendants. Dkt. 9. The allegations contained in the complaint are barred by the statute of limitations and discovering the names of the JOHN DOE Defendants will not alter this fact.

## CONCLUSION

For the reasons above, the Court recommends the Complaint be DISMISSED with prejudice because it is barred by the statute of limitations. The Court also recommends that Plaintiff's motions to transfer, for discovery, and for an extension be DENIED.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **June 29, 2022.** The Clerk should note the matter for **July 1, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 13th day of June, 2022.

1
2
3     _____
       BRIAN A. TSUCHIDA
       United States Magistrate Judge