UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD CALVIN, <br><br> Plaintiff, <br><br> v. <br><br> JERI BOE, et al., <br><br> Defendant. | CASE NO. 3:22-cv-05217-RSM-BAT <br><br> **ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT** |

This matter comes before the Court on remand from the Court of Appeals for the Ninth Circuit. For the reasons below, Plaintiff is granted leave to file an amended complaint as provided in detail below on or before **September 23, 2024**.

Plaintiff signed his original complaint in this action on March 25, 2022. Dkt. 1. His complaint relates to alleged violations of his constitutional rights while he was housed at Clallam Bay Corrections Center (CBCC). Dkt. 4-1. Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights related to the failure to protect him from assault by another inmate, his infraction and placement in disciplinary isolation after the assault despite evidence that he was not the aggressor, the conditions of his confinement in disciplinary isolation and the failure to "prevent injury, sickness and pain" while in isolation, and the failure to remove him from isolation despite being found not guilty of the infraction. *Id.* Plaintiff names the following

ORDER GRANTING LEAVE TO FILE
AMENDED COMPLAINT - 1

Defendants: Jeri Boe (Superintendent, CBCC), Evans (Lieutenant, CBCC), and John Does 1-5 (employees at CBCC). *Id.* Plaintiff indicates he intends to sue Defendant Boe in her individual and official capacity and all other Defendants in their individual capacities. *Id.*

Plaintiff's complaint alleges that in or around January 25, 2019, Defendant Evans called Plaintiff into her office along with John Does 1 and 2 and warned Plaintiff that she had received information that other prisoners were planning an attack on Plaintiff. *Id.* She indicated corrections officers had seen two men passing an object between them while Plaintiff was walking near them en route to the mess hall and that such behavior was often a precursor to a planned attack and that such attacks often occurred near the mess hall. *Id.* Defendant Evans refused Plaintiff's requests to be moved to a different living unit, to be placed in a special meal line where he would be separate from inmates receiving mainline meals, or to be provided the names of the individuals believed to be planning the attack. *Id.* Plaintiff indicates in or around January 29, 2019, he was again called to a private office where John Does 3 and 4 warned Plaintiff again of a possible attack. *Id.* Plaintiff indicates John Does 3 and 4 denied his requests to be moved, for protection, and for the identities of the individuals believed to be planning the attack. *Id.*

Plaintiff indicates on February 3, 2019, he was attacked from behind while sitting at lunch in the mess hall. *Id.* He indicates he was 63 years old and disabled, requiring a walker or cane and prosthetic for ambulation. *Id.* Plaintiff indicates he suffered broken teeth, temporary blindness, and contusions as a result of the attack. *Id.* Plaintiff alleges the failure of Defendants Evans and John Does 1-4 to take action to protect him from this attack violated his rights under the Eighth Amendment. *Id.*

Plaintiff indicates that immediately following the attack, John Doe 5 seized him and

ORDER GRANTING LEAVE TO FILE
AMENDED COMPLAINT - 2

placed him in "punitive isolation" and issued an infraction against him for fighting. *Id.* Plaintiff states that John Doe 5 ignored video evidence and the fact that the attack was witnessed by several corrections officers who were aware Plaintiff was the victim of the attack and had done nothing more than attempt to shield his face from being hit. *Id.* Plaintiff states that several weeks later he was taken to a hearing on the infraction where the hearing officer found: (1) plaintiff was innocent of fighting; (2) plaintiff's assailant committed the assault; (3) John Doe 5 improperly infracted Plaintiff and should have charged Plaintiff's assailant with the assault. *Id.* Plaintiff states that despite this finding CBCC officials refused to release him from disciplinary isolation where he was ultimately housed for two months. *Id.* Plaintiff alleges the actions of John Doe 5 in infracting him and placing him in disciplinary isolation violated his Fourteenth Amendment right to due process. *Id.*

Plaintiff alleges the conditions in disciplinary isolation constituted an atypical and significant hardship. *Id.* He alleges his cell was extremely cold as it was unheated during the winter and he was only given a thin blanket. *Id.* He alleges his clothes and coat were taken and he was given a shirt and pants which were not adequate to protect him from the cold. *Id.* He indicates he suffers from a compromised immune system and "low blood temperature" and that due to the lack of heat he contracted a viral illness, became very sick and weak and suffered excruciating ear infections causing vertigo and deafness. *Id.* He alleges he was denied analgesics or a hot water bottle. *Id.* He indicates corrections officers reduced his meal portions, sometimes withholding meals and that he lost a great deal of weight. *Id.* He alleges the attack and the conditions of his confinement in disciplinary isolation exacerbated a prior brain injury and that he is now never fully lucid and is unable to focus. *Id.* Plaintiff states he was regularly stripped of his clothing and forced to shower in view of female staff, that he was forced to bend forward and

ORDER GRANTING LEAVE TO FILE
AMENDED COMPLAINT - 3

1  then walk backward in order to be handcuffed, and that any time he was called to speak to a
2  DOC official or employee he was shackled and then placed in a full restraint chair. *Id.* Plaintiff
3  alleges Defendant Superintendent Boe's failure to "prevent injury, sickness, and pain" inflicted
4  during his time in disciplinary isolation constituted deliberate indifference to his serious medical
5  needs in violation of the Eight Amendment. *Id.*

6  Plaintiff requests declaratory relief in addition to compensatory and punitive damages. *Id.*

7  On May 12, 2022, the Court issued an order declining to serve the complaint and granting
8  Plaintiff leave to amend to cure various identified deficiencies in the complaint. Dkt. 6. In the
9  order the Court noted several deficiencies in the complaint, including that Plaintiff's claims
10 relating to events prior to March 25, 2019, appeared to be barred by the statute of limitations,
11 that he failed to allege sufficient facts to state a claim against Defendant Boe in her individual or
12 official capacity, and that if Plaintiff intended to pursue claims against the John Doe Defendants
13 he must provide sufficient identifiable information for the Court to effect service. *Id.*

14 Plaintiff subsequently filed several motions, including a request to conduct limited
15 discovery to attempt to identify the John Doe Defendants and for additional time to attempt to
16 identify the John Doe Defendants. Dkts. 7, 8, 9. None of Plaintiff's motions addressed the statute
17 of limitations issue or the other identified deficiencies in the complaint. The Court issued a
18 Report and Recommendation noting that the claims in the complaint against Defendant Evans
19 and all of the Doe Defendants appeared to fall outside the statute of limitations and that allowing
20 additional time to identify the Doe Defendants would not alter that fact. Dkt. 10. The Court also
21 noted that Plaintiff failed to allege sufficient facts to state a claim against the only other
22 Defendant named in the action, Jeri Boe. *Id.* Accordingly, the Court recommended dismissing
23 the complaint and denying Plaintiff's motions. Dkt. 10. The Report and Recommendation was

subsequently adopted, and the complaint was dismissed with prejudice. Dkt. 12.

The Ninth Circuit, in remanding the matter, concluded that:

> [S]ome of Calvin's allegations relating to prison officials' refusal to release him from disciplinary confinement for several months appear to have taken place less than three years before Calvin filed the complaint…. Because some of Calvin's action appears to be timely, we vacate the district court's judgment and remand for further proceedings, including leave to file an amended complaint.

Dkt. 21.

The Ninth Circuit's remand order does not appear to undermine or take issue with the Court's prior finding that Plaintiff's claims arising prior to March 25, 2019, would be barred by the statute of limitations. This includes Plaintiff's claims against Defendant Evans and John Does 1-4 based on the failure to protect Plaintiff from assault and Plaintiff's claims against John Doe 5 that he improperly infracted Plaintiff and placed him in disciplinary isolation immediately following the attack. *See* Dkts. 1-1, 6, 10.

The Ninth Circuit's order indicates that some of Plaintiff's claims relating to prison officials' refusal to release him from disciplinary confinement for several months *may* fall within the statute of limitations. Dkt. 21. However, the time frame for Plaintiff's claims relating to prison officials' refusal to release him from disciplinary confinement in his current complaint is unclear. *See* Dkt. 1-1. Furthermore, to the extent these claims do fall within the statute of limitations – which is not clear from the current complaint --- they currently fail to state a claim. *Id.* Specifically, with the possible exception of Defendant Jeri Boe, these claims are not linked in any way to any specific defendant. *Id.* And, with respect to Defendant Boe, as the Court previously determined, Plaintiff's current complaint fails to allege sufficient facts to state a claim against her in either her individual or official capacity. Dkts. 1-1, 6, 10.

Thus, in accordance with the Ninth Circuit's order, Plaintiff is granted leave to file an amended complaint. However, Plaintiff is reminded that it appears any claims arising prior to

ORDER GRANTING LEAVE TO FILE
AMENDED COMPLAINT - 5

1  March 25, 2019, are barred by the statute of limitations. Furthermore, to the extent any of
2  Plaintiff's claims arise after March 25, 2019, in order to state a claim Plaintiff must write a short,
3  plaint statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2)
4  the name of the person who violated the right; (3) exactly what the individual did or failed to do;
5  (4) how the action or inaction of the individual is connected to the violation of Plaintiff's
6  constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's
7  conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff should also specify the
8  time frame as to when he is alleging these events occurred.

9       If Plaintiff files an amended complaint, he shall present the amended complaint on the
10  form provided by the Court. The amended complaint must be legibly rewritten or retyped in its
11  entirety, it should contain the same case number, and it may not incorporate any part of the
12  original complaint by reference. The amended complaint will act as a complete substitute for the
13  original complaint, and not as a supplement. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474
14  (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County*, 693 F.3d 896
15  (9th Cir. 2012). The Court will screen the amended complaint to determine whether it contains
16  factual allegations linking each Defendant to the alleged violations of Plaintiff's rights.
17  Attachments will not be considered as a substitute for the amended complaint itself. Therefore,
18  Plaintiff is directed to include all allegations and relevant facts in the body of the amended
19  complaint.

20       The Court will not authorize service of the amended complaint on any Defendant who is
21  not sufficiently identified or specifically linked to a violation of Plaintiff's rights.

ORDER GRANTING LEAVE TO FILE
AMENDED COMPLAINT - 6

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **September 23, 2024**, the undersigned will recommend dismissal of this case.

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, copies of this Order and Pro Se Instruction Sheet, and a copy of the Court's prior order declining service (Dkt. 6) which previously outlined the relevant legal standards and deficiencies in the complaint, to Plaintiff.** The Clerk is directed to provide a copy of this order to the Hon. Ricardo S. Martinez.

DATED this 21st day of August, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge